*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JULIA GUTIERREZ,

        Plaintiff-Appellant,

v

J.D. SMITH and P.A. SMITH,

        Defendants-Appellees,

and

GREG SIX,

        Defendant.

UNPUBLISHED
July 16, 2020

No. 348881
Saginaw Circuit Court
LC No. 18-036896-NO

Before: GADOLA, P.J., and GLEICHER and STEPHENS, JJ.

PER CURIAM.

Julia Gutierrez fell on a concrete step as she exited her leased apartment. When she first moved into her unit, a wooden cap covered the concrete step. A snowplow damaged the cap two months before Gutierrez fell, and she removed it. Despite the absent cap, Gutierrez entered and exited her unit without incident until the evening of her fall.

Gutierrez testified that she did not know why she had fallen and was unable to offer an explanation for the fall related to the condition of the step. The circuit court granted summary disposition to defendant on several grounds, including lack of evidence of causation. We affirm.

Gutierrez produced photographs depicting the broken step and asserted that her landlord knew about the damage. With the wooden cap off, Gutierrez explained, negotiating the step was an "inconvenience" because its loss created a greater height differential between her threshold and the top of the step. Additionally, the concrete was cracked and not level. Nevertheless, Gutierrez conceded, she used the step without difficulty every day for two months.

Gutierrez did not "remember exactly" what happened on the night she fell, explaining: "I went to step down, and the next thing I know I was on my side." She was questioned more closely as follows:

*Q.* Do you have any recollection at all of feeling yourself stumble or slip?

*A.* No. I just went down, and then my feet just came out from underneath me.

* * *

*Q.* Well, let's talk about that. As you're stepping out, whatever foot you step out with, sometimes people will say . . . well, I felt my foot slip or well, I felt myself stumble. Other people say I don['t] know. All I remember is I stepped, and then I was on the ground.

*A.* Yeah.

*Q.* So my question for you is it the latter, all you remember is you - -

*A.* Yeah.

*Q.* - - step and then you're on the ground?

*A.* Yeah.

*Q.* . . . So for purposes of the specific questions, it sounds like you don't have any recollection of your foot slipping or stumbling on something; is that true?

*A.* Yes.

*Q.* Okay. Do you even have any recollection of your foot hitting the ground that you were stepping out with?

*A.* I don't.

* * *

*Q.* All you know is that you, as you're stepping out of your apartment, you fall?

*A.* Yes.

*Q.* Do you - - as you sit here, do you have any idea what caused you to fall?

*A.* No. I've tried to play it over and over in my head a million times even to try to recall what foot I stepped down with, and I don't think I'd be telling the truth if I said one or the other.

*Q.* I don't want you to guess.

*A.* Yeah.

*Q.* I mean, let me ask you this: As you sit here, it sounds like it would - - when I say speculate, I mean guess. It would be speculation for you to tell me which foot you stepped out with, true?

*A.* Yeah.

*Q.* And it sounds like it would be speculation for you to tell me why you actually fell, true?

*A.* True.

Gutierrez provided no additional testimony regarding the cause of her fall, and the record is bereft of evidence addressing that question.

Without evidence of causation, Gutierrez cannot pursue her claims under either common-law premises liability or MCL 554.139(1)(b), which imposes on lessors a duty "[t]o keep the premises in reasonable repair during the term of the lease." Both causes of action require the plaintiff to plead and prove causation. This means that a plaintiff must demonstrate that "but for" the defendant's negligence, the plaintiff's injury would not have occurred. *Skinner v Square D Co*, 445 Mich 153, 162-163; 516 NW2d 475 (1994). "While a plaintiff need not prove that an act or omission was the sole catalyst for his injuries, he must introduce evidence permitting the jury to conclude that the act or omission was a cause." *Craig ex rel Craig v Oakwood Hosp*, 471 Mich 67, 87; 684 NW2d 296 (2004). Circumstantial evidence of causation may suffice. But "[t]o be adequate, a plaintiff's circumstantial proof must facilitate reasonable inferences of causation, not mere speculation." *Skinner*, 445 Mich at 164.

The circuit court summarily dismissed this case under MCR 2.116(C)(10) in part because Gutierrez failed to come forward with any evidence linking the step's condition to her fall. Her testimony supports that as to its causation ruling, the circuit court did not err. Gutierrez was utterly unable to explain why she fell. Her testimony did not create an issue of fact regarding causation because she failed to supply evidence supporting even an inference that the step was responsible for her accident.

We affirm.

/s/ Michael F. Gadola
/s/ Elizabeth L. Gleicher
/s/ Cynthia Diane Stephens